
RECEIVED
IN MONROE, LA
JUN 2 0 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MICHAEL BRYAN MAYO AND NEVA ANN MAYO | CIVIL ACTION NO. 06-0342 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LUCY G. SIKES, CHAPTER 7 TRUSTEE | MAG. JUDGE KAREN L. HAYES |

## OPINION

Pending before this Court is an Appeal [Doc. No. 1], brought by Michael Bryan Mayo and Neva Ann Mayo ("the Mayos") from an order issued on February 1, 2006, by Judge Henley A. Hunter of the United States Bankruptcy Court for the Western District of Louisiana ("Bankruptcy Court") in *In re: Michael Bryan and Neva Ann Mayo*, Case No. 05-33629. For the following reasons, the Bankruptcy Court's Order is AFFIRMED, and the Mayos' Appeal is DENIED.

### I. FACTS AND PROCEDURAL HISTORY

On October 15, 2005, the Mayos, represented by Sam Henry, IV ("Henry"), jointly filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. The Petition lists both debtors' address as 3705 Claiborne Drive, Monroe, Louisiana. In their schedules, the Mayos identified three unmortgaged vehicles: a 1998 Mitsubishi Montero ("the Montero"), a 1995 GMC pickup, and a 1997 Oldsmobile Silhouette. The Mayos also filed a Schedule J, combining their expenses.

On December 8, 2005, the Mayos appeared with Henry at a 341(a) Meeting of Creditors. They testified that their daughter drove the Montero to school, Mr. Mayo drove the GMC pickup

1

to his place of employment, and Ms. Mayo drove the Oldsmobile Silhouette to her place of employment.

After the 341(a) meeting, on January 5, 2006, Henry filed a Motion to Amend Schedule C to claim exemptions on two vehicles. Appellee Lucy Sikes ("the Trustee") filed an objection on January 10, 2006, arguing two points: (1) the Mayos could not exempt the Montero because it was driven by their daughter; and (2) the Mayos were entitled to exempt only one vehicle under Louisiana Revised Statute 13:3881. The Mayos amended to remove the Montero from Schedule C.

On February 1, 2006, the Bankruptcy Court held a hearing on the Motion to Amend Schedule C and the Trustee's Objection. At the hearing, Henry agreed with the Trustee that the Mayos could not exempt the Montero. [Transcript of Hearing, Doc. No. 5, pp. 4-5]. With regard to the exemption of the other vehicles, the Trustee indicated that she had "a disagreement about household."[1] [Doc. No. 5, p. 4]. Although the Bankruptcy Court later reiterated that the Trustee "is not . . . disputing the separate household issues, that Mr. and Mrs. Mayo . . have separate households," the Trustee refused to agree that her Objection should be overruled as to the GMC pickup and the Oldsmobile Silhouette. [Doc. No. 5, pp. 5-6]. The Trustee explained that she was "concerned that separate households means that everyone in Monroe is going to have a separate household." [Doc. No. 5, p. 6]. After further discussion, the Bankruptcy Court stated: "I am reluctant to rule on the separate household issue without evidence." [Doc. No. 5, p. 6]. Ms. Mayo then volunteered to testify. [Doc. No. 5, p. 7].

Ms. Mayo testified that on the day the bankruptcy Petition was filed, October 15, 2005,

---

[1] As discussed *infra*, pursuant to Louisiana Revised Statute § 13:3881(A)(2)(d), a debtor may exempt $7,500 in equity value for "one motor vehicle per household."

2

she and her children lived at 3705 Claiborne Drive in Monroe, but her husband lived in Fayetteville, Arkansas. [Doc. No. 5, p. 8]. He had started a new job in Arkansas on October 1, 2005, but was living with a friend until he found a house, so he did not list a separate address. [Doc. No. 5, p. 10]. Ms. Mayo stopped receiving mail for Mr. Mayo some time in October 2005 after he found a house.[2]

However, Ms. Mayo also testified that Mr. Mayo apparently had some misunderstanding about the status of their relationship. At the 341(a) meeting, the Trustee asked if the Mayos were maintaining separate households "just for employment," and Ms. Mayo recalled that her husband said, "[a]t this time" or something similar. [Doc. No. 5, p. 9.]. She explained that she had told him "about six times that we're getting divorced," but he finally "figured out" at the end of January (the week before the hearing) that they were getting divorced. [Doc. No. 5, p. 12].

At the conclusion of the hearing, the Bankruptcy Court sustained the Trustee's objection and denied the Mayos' Motion to Amend Schedule C, finding insufficient evidence that the Mayos maintained separate households. The Bankrupcty Court ruled as follows:

> . . . I think the Trustee has met her burden on the exemption issue and that the burden has shifted to the debtors to prove that they did maintain separate households.
>
> Let me first note that the debtors answered the schedules by saying that the mailing address, they were residents of Ouachita Parish and that they were domiciled in or had a place of residence within Ouachita Parish, both of them within 180 days.
>
> Mr. Mayo is not here, has not testified. We also note that the debtors, under penalty of perjury, had a question at No. 15, on the prior address of the debtors, that if the debtor had moved within the two years immediately preceding

---

[2]In support of her testimony, Ms. Mayo had receipts and deposits for Mr. Mayo's home in Arkansas, but it does not appear from the record that those documents were reviewed by the Bankruptcy Court, nor were they made part of the record on appeal.

3

the commencement of this case. If a joint petition is filed, report, also, any separate address of either spouse. Answer to the question, "None."

At best Ms. Mayo has testified that at some time prior to filing, Mr. Mayo had worked in Arkansas and/or moved in with a friend and that the marriage was troubled and that they have been separated, but she had just recently explained to him, apparently that he got it for the first time, that they were getting a separation.

The difficulty with this explanation is that there are a number of holes in it in terms of dates and it's absolutely contrary to the debtors' sworn declarations under penalty of perjury and Mr. Mayo has not testified.

I think it is up to the debtors on these facts to establish that they were, in fact, both maintaining separate households as of the date of the commencement of the case. And that burden, the debtors have not met.

So accordingly, the objection is, the Trustee's objection is sustained as to the Mitsubishi . . . and the . . . truck. If [Mr. Mayo] wanted that vehicle to be exempt, he needed to testify that . . . he maintained a separate household.

. . .

[I]t is the debtors' burden to establish that of this date they lived in separate households and about all I can say from the debtors' evidence is it's pretty murky, at best. If Mr. Mayo wanted to say that, that he wanted to keep the cars exempt, he should have shown up.

[Doc. No. 5, pp. 15-16].

On February 24, 2006, the Mayos filed this Appeal. On March 27, 2006, the Mayos filed a brief in support of their Appeal. On April 11, 2006, the Trustee filed a brief in opposition to the appeal. Briefing is complete, and the Court is now ready to rule.

## II.   ISSUE ON APPEAL

The Mayos present one issue for review:

(1)   Did the [Bankruptcy Court] err in holding that [the Mayos] did not sufficiently prove that they were living in separate households on the date they filed a joint bankruptcy on October 15, 2005?

The Mayos move the Court to find that the Bankruptcy Court clearly erred when it found

4

insufficient evidence that the parties maintained separate households. In the alternative, the Mayos move the Court to remand the issue to the Bankruptcy Court to take evidence from Mr. Mayo.

## III. LAW AND ANALYSIS

### A. Jurisdiction

The Court's jurisdiction to hear appeals from orders of the bankruptcy court is conferred by 28 U.S.C. § 158(a)(1), which provides in part that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees .... An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a).

### B. Standard of Review

A federal district court reviewing a bankruptcy court's decision acts as an appellate court and thus applies the same standard of review generally used by a federal court of appeals. *In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992). The bankruptcy court's findings of fact are examined under the clearly erroneous standard. *In re Young*, 995 F.2d 547, 548 (5th Cir. 1993). Factual findings are reversed only if, based on all of the evidence, the court is left "with the definite and firm conviction that a mistake has been made." *Id.*

### C. Vehicle Exemption

Louisiana has opted out of the federal exemptions available under the Bankruptcy Code, 11 U.S.C. § 522, and limited debtors to those exemptions available under state law.

In this case, at issue is the household vehicle exclusion under Louisiana Revised Statute § 13:3881:

(A) The following income or property of a debtor is exempt from seizure from

5

> any writ, mandate, or process whatsoever, except as otherwise herein provided:
>
> . . .
>
> (2) That property necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, which shall be limited to the following:
>
> . . .
>
> (d) Seven thousand five hundred dollars in equity value for one motor vehicle per household, used by the debtor and his household. The equity value of the motor vehicle shall be based on the NADA retail value for the particular year, make, and model. The one motor vehicle may be used in exercising a trade, calling or profession or used for transportation to and from the place at which the debtor earns his livelihood.

La. Rev. Stat. § 13:3881(A)(2)(d).

The Mayos contend that they presented sufficient evidence to show that they maintained separate households on the date their bankruptcy Petition was filed and that under the plain language of the statute, they should be permitted to exempt one vehicle for each household. The Trustee responds that the Mayos failed to demonstrate that they lived at separate residences at the time their bankruptcy Petition was filed and that, even if they met their evidentiary burden, the plain language of the statute allows only one vehicle to be exempted.

The Court finds that the limited issue before it is a question of fact: whether the Bankruptcy Court clearly erred when it ruled the Mayos had not presented sufficient evidence that they maintained separate households at the time their Petition was filed. The Bankruptcy Court has not addressed the question of law regarding application of the exemption, and, thus, this issue is not properly before the Court.

The Court has carefully reviewed the transcript in this matter. While Ms. Mayo certainly believed that she and Mr. Mayo were separated at the time their bankruptcy Petition was filed,

6

Mr. Mayo, by her own admission, did not understand the situation and, in fact, told the Trustee otherwise. Under the evidence presented, the Court cannot find that the Bankruptcy Court's Order was clearly erroneous.

Further, as pointed out by the Bankruptcy Court, Mr. Mayo could have been present to testify at the hearing, but was not. The Mayos have presented no argument or evidence justifying a remand to the Bankruptcy Court to allow Mr. Mayo's testimony.

## IV. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's February 1, 2006 Order is AFFIRMED, and the Appeal filed by the Mayos [Doc. No. 1] is DENIED.

MONROE, LOUISIANA, this 12 day of June, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE